UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No. 1:07-CR-40

v                                     Hon. Gordon J. Quist

WILLIAM CHARLES NEESLEY,

       Defendant.
_____/

**ORDER OF DETENTION REVOKING BOND,**
**DECLARING BAIL FORFEITED,**
**AND**
**GRANTING MOTION FOR COMPETENCY EXAMINATION**

Defendant was indicted on February 15, 2007, and charged with one count of attempt to interfere with the administration of tax laws, in violation of 26 U.S.C. § 7212; eights counts of attempt to evade or defeat tax, in violation of 26 U.S.C. § 7201; and eight counts of passing, uttering, presenting or offering fictitious obligations, in violation of 18 U.S.C. § 514(2). Defendant appeared before Magistrate Judge Timothy P. Greeley on March 5, 2007, and was released on a $250,000.00, five percent (5%) cash bond, with conditions, pending trial. On March 7, 2007, defendant posted a $12,500.00 cash bond with the Clerk of the Court, and was ordered released.

There are two motions presently before the court. The first is a motion by defendant's counsel for a competency examination pursuant to 18 U.S.C. § 4241 and a sanity determination pursuant to 18 U.S.C. § 4242 (docket no. 16). The government concurs in the motion. The second motion is by the government for a revocation of bond and issuance of an arrest warrant

1

(docket no. 19).[1]  Hearings on both motions were held April 12, 2007 at 2:00 p.m., before the undersigned, at which both defendant Neesley and his wife, Patricia Ann Neesley, signatory on an affidavit of ownership of the $12,500.00, were directed to appear and failed to do so.

Defendant having failed to appear as directed, and also for the reasons stated in the motions, the motion to revoke bond (docket no. 19) is GRANTED.  Defendant's bond is revoked and he is ORDERED DETAINED pending trial.  A bench warrant for defendant's arrest shall be issued contemporaneously with this order.

Further, defendant having failed to appear as ordered by the court, and having thereby breached a fundamental condition of his bond, the court declares bail in the amount of $250,000.00 is hereby FORFEITED.

Further, the court finds for the reasons more fully stated on the record at the hearing that there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent within the meaning of 18 U.S.C. § 4241. Accordingly, defense counsel's motion for a competency examination (docket no. 16) is GRANTED.

Upon arrest, the defendant shall be committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for the purpose of having psychiatric or psychological examinations conducted by a licensed or certified psychiatrist or psychologist of that facility, pursuant to §§ 4241, 4242 and 4247.  The examinations shall be performed within a reasonable period not to exceed 45 days.  Upon application of the director of the facility where defendant is lodged and upon a showing of good cause that additional time is

---

[1]This is an amended motion, filed solely to change the name of the U.S. Attorney.  The original motion was filed five days earlier.

necessary for observation and evaluation of the defendant, a further extension of 30 days may be granted by the court. 18 U.S.C. § 4247.

Thereafter, defendant shall be returned to this district for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with his defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

A psychiatric or psychological report shall be prepared and filed with the Court in accordance with 18 U.S.C. § 4247(c). Thereafter, a hearing shall be scheduled in accordance with the provisions of 18 U.S.C. § 4247(d) to determine the competency of defendant and his ability to properly assist in his defense or to understand the nature and consequences of the proceedings against her. 18 U.S.C. § 4241(a).

IT IS SO ORDERED.


Dated: April 16, 2007         /s/ Hugh W. Brenneman, Jr.
                              Hugh W. Brenneman, Jr.
                              United States Magistrate Judge